**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-06-387 (2) |
| | § | C.A. No. C-07-427 |
| GERARDO ESQUIVEL-SOLIS, | § | |
| | § | |
| Defendant/Movant. | § | |

## ORDER SETTING EVIDENTIARY HEARING AND APPOINTING COUNSEL

Pending before the Court is Gerardo Esquivel-Solis' ("Esquivel") motion to vacate sentence under 28 U.S.C. § 2255 with supporting memorandum and affidavit. (D.E. 67, 68).[1] On January 14, 2008, the United States filed its combined response and motion to dismiss. (D.E. 77, 78.) Esquivel's reply, which the Court has also considered, was received by the Clerk on January 31, 2008. (D.E. 79.)

For the reasons set forth below, the Court concludes that Esquivel's motion is timely. The Court withholds ruling at this time on the first ground for relief in Esquivel's motion. As to his second ground, the Court orders an evidentiary hearing. If, at the conclusion of the hearing, the Court denies Esquivel's second ground for relief, it will address his remaining ground for relief at that time.

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

---

[1] Docket entries refer to the criminal case, Cr. No. C-06-387 (2).

1

## II.  FACTUAL BACKGROUND AND PROCEEDINGS

**A.     Summary of Offense[2]**

On May 3, 2006, Maria Yolanda Rodriguez drove a 1997 Ford F-150 truck into the Falfurrias, Texas, U.S. Border Patrol Checkpoint. Based on alerts from drug service canines, agents found and recovered 8 bundles of cocaine hidden in the vehicle's fender. The cocaine had a net weight of 7.350 kilograms and an estimated value of $544,000.00. Rodriguez told agents that she knew she was transporting cocaine to Houston, Texas, and that she was going to be paid $5,000. She further stated that she was working for Jose Esquivel-Solis and his brother, Defendant Esquivel-Solis herein. She added that the brothers were supposed to be following her in a gold Lincoln Navigator and that she was to meet them at a Hooters restaurant in Houston.

A short while later, Esquivel-Solis drove a 1998 gold Lincoln Navigator into the Falfurrias, Texas checkpoint. He and his passenger, Alberto Gonzalez, were both arrested. It was determined that the Ford F-150 truck and the Lincoln Navigator were registered to Jorge Esquivel and Laura Esquivel, respectively, and that both were registered to the same address in Mission, Texas. Esquivel-Solis refused to answer any questions.

Additionally, investigation revealed that earlier that day, Esquivel-Solis had taken Rodriguez to a notary public and notarized a bill of sale for the Ford F-150, placing it in her name. Additionally, he had taken her to an insurance agency where he paid for insurance on the Ford F-150 truck, again issued in her name.

---

[2] The offense conduct as set forth herein is derived from Paragraphs 4 through 9 of the Presentence Investigation Report ("PSR").

**B.     Criminal Proceedings**

On May 24, 2006, Esquivel was charged in a single-count indictment with conspiracy to possess with intent to distribute approximately 7 kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846. (D.E. 10). Esquivel pleaded guilty pursuant to a written plea agreement that waived his rights to appeal and to collateral relief. (D.E. 24, 25.)

On September 13, 2006, the case was called for sentencing. At the beginning of the sentencing hearing, Esquivel indicated that he wished to withdraw his guilty plea. He told the Court that his counsel, Richard Garcia, had told him he would receive a sentence of "about 18 months" if he cooperated with the government. (D.E. 72, Sentencing Transcript ("S. Tr." at 3-4.) He thus argued that his plea was not knowing or voluntary. The Court heard from Mr. Garcia on the issue, who flatly denied that he had told Esquivel he would receive an 18-month sentence. (S. Tr. at 4-6.) After allowing Esquivel to explain in more detail what occurred, and discussing with him his testimony at his rearraignment, the Court recessed to allow Mr. May the opportunity to meet with Esquivel and determine whether he in fact wished to withdraw his plea. (S. Tr. at 6-9.)

After the recess, Mr. May indicated that Esquivel was not claiming he was actually innocent, but that he did not understand the consequences of his initial plea, and that he should be permitted to replead. (S. Tr. at 10-16.) The Court explicitly stated that it did not believe Esquivel's statement that Mr. Garcia had promised him an 18-month sentence. (S. Tr. at 5-6.) Indeed, the Court stated at the time – and continues to believe – that neither Mr. Garcia nor any reasonably competent attorney would have advised Esquivel that he could expect an 18-month sentence, given the charges he was facing. The Court ultimately denied Esquivel's motion to withdraw his plea and proceeded with his sentencing. (S. Tr. at 48-53.)

The Court sentenced Esquivel to 115 months in the custody of the Bureau of Prisons, to be followed by a five-year term of supervised release, and imposed a $ 100 fine and a $100 special assessment. (D.E. 54, 58). Judgment of conviction was entered on September 20, 2006. (D.E. 58.)

Consistent with his waiver of appellate rights, Esquivel did not appeal. He did, however, file a motion for reconsideration of sentence (through counsel) two days later. (D.E. 60). An identical motion was mailed to the Clerk's office and received on December 15, 2006. (D.E. 61.) The Court denied the motions to reconsider. (D.E. 62.)

On January 22, 2007, the Clerk received from Esquivel a letter motion complaining about the length of his sentence and also complaining about the fees he paid to his various attorneys. Additionally, he claimed in his letter that he had asked Mr. May to appeal on his behalf, and inquired about the status of his appeal. (D.E. 63.) In an order entered January 30, 2007, the Court declined to construe his letter as a motion pursuant to 28 U.S.C. § 2255, instead directing the Clerk to send appropriate forms to Esquivel for filing such a motion. (D.E. 64.) Those forms were mailed on January 30, 2007, and Esquivel's § 2255 was received by the Clerk nine months later, on October 30, 2007. His motion, however, is deemed filed as of September 28, 2007.[3] (D.E. 67.)

Also pertinent to Esquivel's claims is the history of his representation in this case. Esquivel initially retained Irma Mendoza Sanjines to represent him, but on the same date the indictment was issued, he moved to substitute Richard H. Garcia. (D.E. 13.) That motion was granted (D.E. 16), as was a motion filed on Jun 1, 2006, to allow Crispin Quintanilla, III, to appear as co-counsel. (18, 19.) After his rearraignment and after the preparation of the Presentence Investigation Report ("PSR"), on the day before sentencing Esquivel moved to substitute attorney William May. (D.E.

---

[3] See infra at Section IV.A.

50.) That motion was granted on the day of sentencing. (D.E. 52.)  At sentencing, Mr. May represented Esquivel, but Mr. Garcia was also present.  (See S. Tr. at 3.)

### III.  MOVANT'S ALLEGATIONS

In his § 2255 motion, Esquivel asserts two grounds for relief, both of which are ineffective assistance of counsel claims.  First, he claims that his counsel at his rearraignment, Richard Garcia, told him he would only get an eighteen-month sentence if he pleaded guilty and cooperated with the United States.   In his second ground for relief, he claims that he asked attorney Bill May to file an appeal on his behalf, and that Mr. May failed to do so.

In its response and motion to dismiss, the government makes several arguments.  First, it contends that Esquivel's motion is barred in its entirety by the applicable statue of limitations. Second, it contends that Esquivel's claim regarding the alleged promise of an 18-month sentence was addressed and rejected by this Court at sentencing.  Third, it argues that his claims lack merit and fail on their merits.  The government also contends that his claims are barred by the  waiver of § 2255 rights in his plea agreement.

Esquivel's reply is devoted primarily to arguing that his motion was timely filed, because he provided it to prison officials prior to the expiration of the limitations period.  He also claims that the Court did not reach a determination on his ineffective assistance of counsel claim regarding being misled about his sentence and that, in any event, he should be permitted to appeal the Court's refusal to allow him to vacate his guilty plea.

### IV.  ANALYSIS

**A.      Timeliness of 28 U.S.C. § 2255 Motion**

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most

5

cases, begins to run when the judgment becomes final. 28 U.S.C. § 2255 ¶6(1). The Fifth Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. Clay v. United States, 537 U.S. 522, 531 (2003); United States v. Gamble, 208 F.3d 536, 536-37 (5th Cir. 2000).

As previously noted, the judgment in Esquivel's criminal case was entered on September 20, 2006, and he did not appeal. Thus, his conviction became final when the 10-day deadline for filing his notice of appeal expired, or on October 4, 2007.[4] See Fed. R. App. P. 4(b) (10-day period for appealing); Fed. R. App. P. 26(a)(2) (intermediate Saturdays, Sundays and legal holidays should be excluded when computing a period of time that is less than 11 days). Esquivel had until one year later – October 4, 2007 – to file his motion pursuant to 28 U.S.C. § 2255.

The Clerk received Esquivel's motion on October 30, 2007. However, the motion was signed on September 28, 2007. (D.E. 67 at 6.) Moreover, the supporting memorandum, submitted in the same envelope as the motion, contains a certification under penalty of perjury by Esquivel that it was signed and delivered to prison officials for mailing on September 28, 2007. (D.E. 68 at 23.) Where court documents are filed by a *pro se* prisoner, they are deemed filed at the time they are delivered to prison authorities for mailing, postage pre-paid. Houston v. Lack, 487 U.S. 266, 276 (1988); see also United States v. Young, 966 F.2d 164, 165 (5th Cir. 1992) (providing benefit of Houston v. Lack to *pro se* prisoner in § 2255 proceedings); RULES GOVERNING SECTION 2255

---

[4] Neither party has questioned whether the period for appealing was affected by Esquivel's counsel filing a motion to reconsider sentence within that 10-day period. It does not appear, however, that the motion would extend the period for appealing. See Fed. R. App. P. 4(b)(3) (listing motions that will have such an effect and not including a motion to reconsider sentence). The Court need not rule on the effect of that motion, however, in light of the Court's conclusion herein that the § 2255 motion is timely. The Court also does not address whether his current motion would somehow relate back to Esquivel's letter motion in January 2007, which complained about his various counsel and which the Court declined to construe as a § 2255 motion.

PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS 3(d).

The government's position that Esquivel's motion was filed on October 30, 2007 (see D.E. 77 at 2), ignores the foregoing authority. Elsewhere in its response, the government contends that his motion should be deemed filed as of October 26, 2007, which is the date stamped on the envelope from FCI/FPC Herlong. (D.E. 77 at 14.) The government claims that the stamp bearing that date indicates that it was received by prison officials on October 26, 2007. The Court's copy of that stamp is not entirely legible, but it does not appear to the Court that it indicates anywhere that October 26, 2007 was the date of *receipt* by prison officials. Instead, it appears that is the date the mail was processed by prison officials.

The Court credits Esquivel's sworn statement that the motion was delivered to prison officials for mailing on September 28, 2007. Even if the date stamp placed on the envelope by prison officials indicated the date of receipt of the mail, the Court does not find that document alone is sufficient to overcome Esquivel's sworn statement. The government has not provided any affidavit or other testimony that contradicts Esquivel's statement.

Accordingly, the Court concludes that Esquivel's motion is timely. The Court thus turns to the merits of Esquivel's claims.

**B.      Alleged Failure to Appeal**

In evaluating Esquivel's first claim, i.e., that his counsel failed to appeal, the Court notes that there is conflicting evidence on this point. While Esquivel alleges that he told counsel to appeal, the government has provided an affidavit from Mr. May denying this allegation. Specifically, Mr. May avers:

> I was retained by Mr. Esquivel-Solis to represent him solely during sentencing. He did not retain me to represent him on appeal. I

> discussed with Mr. Esquivel-Solis the fact that he was ineligible to file an appeal in his case and he understood that. At no time did I tell Mr. Esquivel-Solis that I had or would file an appeal in his case and at no time did he ask me to file an appeal in his case. There was no reason for Mr. Esquivel-Solis to be under the impression that I had filed an appeal in his case.

(D.E. 77, Exhibit B (May affidavit).)

The Supreme Court set forth the standards governing a claim such as Esquivel's in Roe v. Flores-Ortega, 528 U.S. 470 (2000) : "[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." Id. at 477. "[W]hen counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." Id., at 484. Moreover, a *pro se* movant need not state the grounds on which he would have appealed, had the opportunity not been denied. Rodriguez v. United States, 395 U.S. 327, 330 (1969).

Applying these standards to the instant case, the Court concludes that Esquivel is entitled to an evidentiary hearing to determine whether he told Mr. May to prosecute the appeal or not. Although the affidavit of Mr. May and the existence of his appellate waiver support the conclusion that Esquivel did not tell him to appeal, Esquivel avers that he did. Thus, the Court is unable to determine on the current record that Esquivel is not entitled to relief. Instead, the Court must hold a hearing to assess the credibility of the parties. See Rules Governing Section 2255 Proceedings 8.

Moreover, and contrary to the government's argument on this issue (see DE. 77 at 16-19), the fact that Esquivel signed an appeal waiver and waiver of § 2255 rights does not bar his claim of ineffective assistance of counsel based on a failure to appeal. In a recent decision, the Fifth Circuit held that an evidentiary hearing was required where the defendant's § 2255 motion alleged that

counsel failed to appeal despite a request from the defendant to do so. United States v. Tapp, 491 F.3d 263 (5th Cir. 2007). The Tapp court expressly held that the existence of an appellate waiver and waiver of § 2255 rights in the case did not obviate the need for the evidentiary hearing, nor bar the defendant from obtaining relief on the claim. Tapp, 491 F.3d at 265-66.

As to the other ground for relief raised in Esquivel's motion, i.e., that his counsel was ineffective because he told Esquivel he would receive an 18-month sentence, it is unnecessary for the Court to address it at this time. If the Court rules in Esquivel's favor on his failure to appeal claim, he will be entitled to an out-of-time direct appeal. United States v. West, 240 F.3d 456, 459 (5th Cir. 2001) (where counsel was denied ineffective assistance of appellate counsel, judicial remedy is to grant out-of-time appeal). If that occurs, it will be unnecessary to address Esquivel's remaining claim until after the resolution of his direct appeal. Welsh v. United States, 404 F.2d 333, 333 (5th Cir. 1968), abrogated on other grounds, United States v. Ortega, 859 F.2d 327, 334 (5th Cir. 1988) ("[a] motion to vacate sentence under 28 U.S.C. § 2255 will not be entertained during the pendency of a direct appeal, inasmuch as the disposition of the appeal may render the motion moot"); see also Jones v. United States, 453 F.2d 351, 352 (5th Cir. 1972) (where direct criminal appeal is pending, defendant is not entitled to consideration on the merits of his § 2255 motion). If, at the conclusion of the hearing, the Court denies Esquivel's ineffective assistance claim concerning his appeal, it will then address Esquivel's remaining ground for relief.

## V.  CONCLUSION

For the foregoing reasons, the Court will hold an evidentiary hearing on the limited issue of whether Esquivel was denied effective assistance of counsel due to his counsel's alleged failure to appeal. **The evidentiary hearing is set for Friday, July 18, 2008 at 10:00 a.m.**

Esquivel is entitled to be represented by counsel at the hearing.  See Rules Governing Section 2255 Proceedings 8(c).  Accordingly, attorney Chris Iles, 1919 Highway 35 North, Rockport, Texas 78382, is hereby appointed to represent Esquivel.  The Clerk is directed to send a copy of this Order to Mr. Iles, as well as directly to Esquivel and to counsel for the United States.

It is so ORDERED this 11th day of March, 2008.

 _____
 Janis Graham Jack
 United States District Judge