**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-06-387 (2) |
| | § | C.A. No. C-07-427 |
| GERARDO ESQUIVEL-SOLIS, | § | |
| | § | |
| Defendant/Movant. | § | |

**ORDER DENYING IN PART AND
DISMISSING WITHOUT PREJUDICE IN PART
MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE,
ORDER DIRECTING CRIMINAL JUDGMENT TO BE RE-ENTERED
FOR PURPOSES OF APPEAL, AND ORDER APPOINTING COUNSEL ON APPEAL**

Pending before the Court is Gerardo Esquivel-Solis' ("Esquivel") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (D.E. 67, 68.)[1]  On July 18, 2008, the Court began an evidentiary hearing and heard testimony from Esquivel and from one of his prior attorneys, Richard Garcia.  The hearing was continued in order to allow Bill May, who was too ill to travel at the time, to appear.  (See Minutes dated July 18, 2008.)  On August 1, 2008, the case was recalled and the Court heard testimony from Bill May and from Armando Cavada.  The Court also issued an oral ruling on Esquivel's claims.

For the reasons set forth by the Court at the conclusion of both portions of the hearing, and for the reasons set forth herein, the Court finds that Esquivel was denied effective assistance of counsel when his sentencing counsel, Bill May, failed to file a notice of appeal on his behalf.  The Court finds no merit, however, in Esquivel's claim that his counsel, Richard Garcia, was constitutionally

---

[1]  Docket entry references are to the criminal case, Cr. No. C-06-387.

ineffective during the plea negotiations.

# I. BACKGROUND

## A.     Factual and Procedural Background

The factual background of the offense and the criminal proceedings are set forth in detail in the Court's order setting the hearing (D.E. 80 at 2-5), as are the legal standards governing Esquivel's claim regarding his counsel's failure to appeal. (D.E. 80 at 7-9.)

## B.     Evidentiary Hearing

During the first part of the hearing, the Court heard testimony from both Esquivel and his former counsel, Richard Garcia, as to Esquivel's claim that Garcia promised him an 18-month sentence if he pleaded guilty. As noted by the Court at sentencing (when it also addressed these allegations), and again at the conclusion of the July 18, 2008 portion of the evidentiary hearing, the Court finds no merit in Esquivel's claim and finds that Esquivel is not credible as to this claim. The Court does not believe that Esquivel was ever told by Garcia, or that Esquivel ever really believed, that he would receive an 18-month sentence if he pleaded guilty and cooperated with the government. By contrast, Garcia testified credibly concerning his conversations with Esquivel about the decision to plead guilty and the possibilities concerning his sentence.

During the August 1, 2008 portion of the evidentiary hearing, Bill May denied that Esquivel ever told him to appeal, consistent with May's affidavit submitted in this case. May also testified regarding his discussions with Esquivel about his appellate rights. Apparently, May told Esquivel at the time he was hired that Esquivel had waived his right to appeal and would be unable to appeal his sentence. May testified that he wanted Esquivel to know that his involvement would end after sentencing and testified that Esquivel understood that. May also testified that he did not recall any

other discussions about appellate rights with Esquivel. Thus, there is no evidence in the record to show that May consulted with Esquivel about his appellate rights at any point *after* sentencing. Instead, the only "consultation" occurred between Armando Cavada and Esquivel.

Specifically, at the evidentiary hearing, the Court heard the testimony of Cavada, an attorney who worked for May both as a contract attorney and as May's interpreter. Because May does not speak Spanish and Esquivel does not speak English, communications between May and Esquivel in this case were typically through Cavada. Cavada testified credibly that, after sentencing, when May was not present, Esquivel indicated to Cavada that he wanted to appeal. In response, Cavada told Esquivel that Esquivel he might be able to pursue on appeal an ineffective assistance of counsel claim alleging ineffectiveness on the part of his first counsel, Richard Garcia. Cavada, however, testified that he did not think he told Esquivel that he had ten days to appeal or that he could file a *pro se* notice of appeal. Cavada also testified that Esquivel's wife told Cavada that Esquivel wanted to appeal a few days after sentencing.

Although Cavada said that he conveyed the information that Esquivel wanted to appeal to May through May's secretary, no notice of appeal was ever filed on Esquivel's behalf. Cavada further indicated that May prepared a quote price for May's services on appeal, but that no payment was ever made by Esquivel and apparently no agreement was ever reached as to the provision of appellate services. Additionally, May never moved to withdraw as Esquivel's counsel.

Notably, moreover, Esquivel inquired with the Court about the status of his appeal mere months after his sentencing. This supports Esquivel's contention that he believed an appeal was being pursued on his behalf.

Finding Cavada's testimony credible, and in light of the other evidence mentioned above, the Court finds that Esquivel did, in fact, convey an intent to appeal to May, through Cavada. The Court

further finds that May failed to file a Notice of Appeal or to assist Esquivel in filing a *pro se* notice of appeal.

## II. ANALYSIS

**A.      Alleged Failure to Appeal**

### 1. Law Applicable to Esquivel's Claim

As noted in the preceding section, the Court finds that Esquivel was denied effective assistance of counsel when he conveyed his desire to appeal and May did not appeal.  The law on this issue was set forth by the Supreme Court in Roe v. Flores-Ortega, 528 U.S. 470, 478 (2000).  That case explains that where a defendant asks that an appeal be filed, and the attorney does not file one, the attorney's conduct is *per se* deficient.    "[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable."  Id. at 477.  "[W]hen counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal."  Id. at 484.

Moreover, Flores-Ortega makes clear that a defendant is not required to identify nonfrivolous issues for appeal in order to establish prejudice; instead, he must simply demonstrate that, but for counsel's deficient conduct, he would have appealed.  528 U.S. at 486-87; United States v. Tapp, 491 F.3d 263, 265 (5th Cir. 2007).  Accordingly, despite the fact that Esquivel has waived his right to appeal, except in limited circumstances, and despite the fact that it does not appear to the Court that he has any meritorious issues for appeal, he is nonetheless entitled to one.  See Tapp, 491 F.3d at 265-66 (agreeing with authority from other circuits that, in cases where there has been a waiver of direct appeal and collateral review, applying the rule of Flores-Ortega may "bestow on most defendants

4

nothing more than an opportunity to lose") (quoting Campusano v. United States, 442 F.3d 770, 777 (2d Cir. 206)).

### 2.    Proper Remedy

Based on the foregoing, the Court concludes that Esquivel should be permitted to pursue an out-of-time appeal. This is the proper course of action to remedy the deficiencies by his counsel. See United States v. West, 240 F.3d 456 (5th Cir. 2001). Accordingly, the Court directs the Clerk to reinstate Esquivel's criminal judgment. See West, 240 F.3d at 459 (5th Cir. 2001) ("when leave to file an out-of-time appeal is granted, the district court should *reinstate* the criminal judgment to trigger the running of a new Rule 4(b) appeal period.") (emphasis in original). Esquivel's Notice of Appeal was filed less than an hour after the hearing concluded. Thus, it shall be deemed timely filed upon re-entry of the criminal judgment. Fed. R. App. P. 4(b)(2) (notice of appeal filed after the court announces a decision but before the entry of the judgment, is treated "as filed on the date of and after the entry").

Esquivel's motion under 28 U.S.C. § 2255 is DISMISSED WITHOUT PREJUDICE as to his claim that counsel failed to appeal. See West, 240 F.3d at 460 (clarifying that "part of the procedure for granting an out-of-time direct criminal appeal is dismissing the § 2255 motion without prejudice"); United States v. Joubert, 273 F.3d 1099, 1099 (5th Cir. 2001) (unpublished) (vacating the district court's grant of § 2255 relief and remanding with instructions for district court to dismiss the § 2255 motion without prejudice and to re-enter its sentencing judgment so that the defendant could pursue an out-of-time appeal).

### B.    Alleged Promise of An 18-Month Sentence By Garcia

Finally, the Court also reiterates its ruling at the conclusion of the first part of the hearing and

stated again at the conclusion of the August 1, 2008 continuation.  That is, Esquivel's § 2255 motion is DENIED as to his claim that his attorney, Richard Garcia, was ineffective for allegedly promising him an 18-month sentence if he cooperated.  The Court concludes that Garcia was credible as to his testimony on this claim, and that Esquivel was not.  The Court therefore DENIES this claim.

## C.    Appointment of Counsel on Appeal

The Court turns next to whether Esquivel is entitled to appointed counsel to represent him in his out-of-time appeal.  The Court's docket does not reflect that Esquivel has moved or been granted permission to proceed *in forma pauperis* nor shown his financial eligibility for appointed counsel. Nonetheless, in order to ensure that Esquivel's appeal is prosecuted in a timely fashion,[2] the Court hereby conditionally appoints Chris Iles to represent Esquivel on appeal.  If Esquivel wants to have appointed counsel continue to represent him on appeal, he shall file a financial affidavit in support of his request for appointed counsel and in support of any request to proceed on appeal *in forma pauperis* not later than 20 days after entry of this order.  Failure to timely submit the affidavit may result in the termination of the conditional appointment of Mr. Iles and possibly the dismissal of Esquivel's appeal.

## III.  CONCLUSION

For ease of docketing, the Court hereby reiterates its rulings in this Order:

1.       The Clerk is directed to re-enter Esquivel's criminal judgment (D.E. 58) as of the date of this Order;

2.       Esquivel's § 2255 motion (D.E. 67) is DISMISSED WITHOUT PREJUDICE IN PART as to his claim that his attorney Bill May failed to file an appeal; it is DENIED IN PART  as to his claim that his attorney Richard Garcia rendered ineffective assistance by grossly underestimating or making  alleged promises regarding Esquivel's likely sentence;

---

[2]  As noted, Mr. Iles has already filed a Notice of Appeal on Esquivel's behalf.

3.      Chris Iles is hereby conditionally appointed to represent Esquivel on the appeal from his criminal conviction and sentence; and

4.      Not later than 20 days after entry of this Order, Esquivel shall submit a financial statement in support of his request for appointed counsel on appeal or in support of any request to proceed on appeal *in forma pauperis*.

It is so ORDERED this 4th day of August, 2008.

Janis Graham Jack
United States District Judge